# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| RALPH CARMON,<br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§     **CASE NO. 1:26-CV-00144** |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendants Amazon.com Services LLC and Amazon.com, Inc. (collectively referred to as "Amazon") submit this Index of Matters Being Filed and List of All Counsel of Record. The following items are being filed by Defendants:

1.  Index of Matters Being Filed and List of All Counsel of Record;

2.  Copies of all executed process, pleadings asserting causes of action, and all orders signed by the state judge as follows:

    A.  Plaintiff's Original Petition, filed September 9, 2025 (attached as Exhibit 1-A);

    B.  Plaintiff's First Amended Petition, filed on March 9, 2026 (attached as Exhibit 1-B);

    C.  Green Return Receipt with service to Defendant Amazon.com Services LLC on March 23, 2026 (attached as Exhibit 1-C);

    D.  Service to Defendant Amazon, com Inc. on March 24, 2026 (attached as Exhibit 1-D);

    E.  Service to Defendant Foshan Sumaitong Trading Co. LTD. on March 24, 2026 (attached as Exhibit 1-E);

    F.  Service to Defendant Shenzhen Kangaroo Garments Co. LTD on March 24, 2026 (attached as Exhibit 1-F);

*Index of Matter Being Filed & List of Counsel*        *pg. 1*

G.    Defendant Union Pacific Railroad Company's Original Answer (attached as Exhibit 1-G)

H.    Defendant Union Pacific Railroad Company's Answer to Plaintiff's First Amended Petition (attached as Exhibit 1-H)

I.    Defendant Union Pacific Railroad Company's Cross-Claim Against Defendants Amazon.com Services, Inc., Amazon.com, Inc., Shenzhen Kangaroo Garments, Co., LTD and Foshan Sumaitong Trading Co. LTD (attached as Exhibit 1-I)

J.    Defendant Amazon.com Services LLC and Defendant Amazon.com, Inc.'s Original Answer (attached as Exhibit 1-J);

3.    A copy of the state court docket sheet (attached as Exhibit 1-K); and

4.    Amazon.com Services LLC and Amazon.com, Inc. FRCP Rule 7.1 Disclosure Statement (attached as Exhibit 1-L).

The parties' respective attorneys are as follows:

A.    Attorneys for Plaintiff:

Clint E. McGuire
Jeff R. McGuire
**MCGUIRE INJURY LAW PLLC**
17227 Mercury Drive, Suite B
Houston, Texas 77058
Telephone: (281) 286-9100
Fax: (281) 286-9105
Email: clint@mcguireinjurylaw.com
jeff@mcguireinjurylaw.com
***Attorneys for Plaintiff***

B.    Attorneys for Defendant Union Pacific Railroad Company:

Daniel J. Gibson
Bailee Y. Pender
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373
Telephone: (281) 350-7250
Email: djgibson@up.com
bailee.pender@up.com
***Attorneys for Defendant Union Pacific Railroad Company***

C.    Attorneys for Defendants Amazon.com Services LLC and Amazon.com, Inc.:

Sofia A. Ramón
sramon@ramonworthington.com; efile@ramonworthington.com
**RAMÓN WORTHINGTON CANTU, LLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

Of Counsel:

Dan K. Worthington
dworthington@ramonworthington.com
Stephen W. Bosky
sbosky@ramonworthington.com
**RAMÓN WORTHINGTON CANTU, LLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax
***Attorneys for Defendants Amazon.com Services LLC and Amazon.com, Inc.***

Dated: April 21, 2026.

# EXHIBIT 1-A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/9/2025 3:55 PM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

CAUSE NO. _____

| | | |
|---|---|---|
| RALPH CARMON | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY | § | |
| Defendant. | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RALPH CARMON, Plaintiff, complaining of UNION PACIFIC RAILROAD COMPANY, Defendant, and for cause of action would show unto this Honorable Court, as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190, Plaintiff requests that discovery be conducted under Level 3.

### II.
### PARTIES

2. Plaintiff RALPH CARMON is a railroad worker and resident and citizen of the State of Texas.

3. Defendant UNION PACIFIC RAILROAD COMPANY is a foreign

1

Copy from re:SearchTX

corporation doing business in the State of Texas. Service of process may be had upon Defendant, UNION PACIFIC RAILROAD COMPANY, by serving its agent, CT Corporation, 1999 Bryan, Suite 900, Dallas, Texas 75201.

### III.
### JURISDICTION AND VENUE

4.      Venue for this action properly lies in Jefferson County, Texas, pursuant to TEX. CIV. P. & REM. CODE § 15.018 because the incident giving rise to Plaintiff's claims occurred in Jefferson County, Texas.

5.      Jurisdiction is proper because this is a civil case in which the matter in controversy is within the Court's jurisdictional limits. In accordance with requirements set forth in TRCP 47, Plaintiff seeks monetary damages in excess of $1,000,000.

### IV.
### UNION PACIFIC RAILROAD COMPANY
### FELA NEGLIGENCE

6.      At all times mentioned in this petition, Defendant UNION PACIFIC RAILROAD COMPANY was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff RALPH CARMON was employed by Defendant UNION PACIFIC RAILROAD COMPANY to further those activities. The injuries complained of in this petition were sustained within the course and scope of that employment.

7.      On or about March 8, 2024, Defendant UNION PACIFIC RAILROAD

2

Copy from re:SearchTX

COMPANY assigned Plaintiff RALPH CARMON to attend a written rules examination class at its facility in Beaumont, Texas. Doing so required Plaintiff RALPH CARMON to be in a classroom and sit in a chair provided by UNION PACIFIC RAILROAD COMPANY. As Plaintiff RALPH CARMON was sitting in the chair, it—suddenly and without warning—collapsed under Plaintiff RALPH CARMON causing him to fall to the ground and strike his head against a wall. As a result, Plaintiff RALPH CARMON sustained injuries to his head, neck, back, and shoulders.

8.      The injuries to Plaintiff RALPH CARMON were due in whole or in part to the negligence of Defendant, UNION PACIFIC RAILROAD COMPANY, its agents, servants or employees acting in the course and scope of their employment. Defendant UNION PACIFIC RAILROAD COMPANY failed to provide Plaintiff RALPH CARMON with a reasonably safe place to work. Defendant's negligence and/or negligence per se includes, but is not limited to:

  a.    Failing to perform any and/or adequate inspections of the chair provided to Plaintiff.

  b.    Failing to repair or replace the chair prior to allowing Plaintiff to use same.

  c.    Failing to procure safe seating for its employees, including Plaintiff.

  d.    Failing to conduct risk assessments of chairs provided to its employees, including Plaintiff.

  e.    Failing to respond to similar complaints or incidents involving chairs.

  f.    Failing to warn Plaintiff.

3

Copy from re:SearchTX

g.    Failing to follow Defendant's safety and operating rules.

## V.
## DAMAGES

9.    Because of the nature and consequence of the event, Plaintiff RALPH CARMON suffered injuries to his head, neck, back, and shoulders.  In all reasonable probability Plaintiff RALPH CARMON will continue to suffer in this manner for a long time into the future.

10.    As a result of Defendant's negligence, Plaintiff RALPH CARMON suffered the following damages:

a.    Physical pain in the past and future;

b.    Lost earnings, capacity, loss of household services, and benefits in the past and future;

c.    Physical impairment in the past and future;

d.    Medical expenses in the past and future;

e.    Mental anguish in the past and future; and

f.    Disfigurement in the past and future.

## VI.
## AUTHENTICATION

11.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff RALPH CARMON hereby provides notice that Plaintiff RALPH CARMON intends to use, in pre-trial proceedings and at trial, all documents produced in discovery by any party such that

4

Copy from re:SearchTX

the documents are authenticated unless objected to in accordance with Rule 193.7.

## VII.
## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer

and that on final trial Plaintiff has:

a. Judgment against Defendant for a sum within the jurisdictional limits of the Court;

b. Post-judgment interest;

c. Costs of suit; and

d. Such other and further relief to which Plaintiff may be justly entitled, at law and in equity.

Respectfully submitted,

MCGUIRE INJURY LAW PLLC

_____
Clint E. McGuire
State Bar No. 24013139
clint@mcguireinjurylaw.com
Jeff R. McGuire
State Bar No. 24060260
jeff@mcguireinjurylaw.com
17227 Mercury Drive, Suite B
Houston, Texas 77058
Telephone:   (281) 286-9100
Facsimile:   (281) 286-9105

**ATTORNEYS FOR PLAINTIFF**

5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Priscilla Perez on behalf of Clint McGuire
Bar No. 24013139
priscilla@mcguireinjurylaw.com
Envelope ID: 105403961
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 9/9/2025 4:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 9/9/2025 3:55:15 PM | NOT SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 9/9/2025 3:55:15 PM | NOT SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 9/9/2025 3:55:15 PM | NOT SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 9/9/2025 3:55:15 PM | NOT SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 9/9/2025 3:55:15 PM | NOT SENT |

Copy from re:SearchTX

# EXHIBIT 1-B

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/9/2026 12:00 AM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

CAUSE NO. 25DCCV1830

| | | |
|---|---|---|
| RALPH CARMON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY | § | |
| Defendant. | § | 172nd JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE TEMPLETON:

COMES NOW RALPH CARMON, Plaintiff, complaining of UNION PACIFIC RAILROAD COMPANY, AMAZON.COM SERVICES LLC, AMAZON.COM, INC.; SHENZHEN KANGAROO GARMENTS CO., LTD.; and FOSHAN SUMAITONG TRADING CO., LTD, Defendants herein, and for cause of action would show unto this Honorable Court, as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Pursuant to Texas Rule of Civil Procedure 190, Plaintiff requests that discovery be conducted under Level 3.

### II.
### PARTIES AND SERVICE OF PROCESS

2.     Plaintiff RALPH CARMON is a railroad worker and resident and citizen of

1

Copy from re:SearchTX

the State of Texas.

3.       Defendant UNION PACIFIC RAILROAD COMPANY has been served with this lawsuit and made an appearance.

4.       AMAZON.COM SERVICES LLC, is a Delaware limited liability company doing business in Texas and may be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5.       AMAZON.COM, INC., is a Delaware corporation with its principal office located at 410 Terry Avenue North Seattle, Washington. Defendant Amazon.com, Inc. has not designated an agent for service of process in Texas and may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701.

6.       SHENZHEN KANGAROO GARMENTS CO., LTD., is a corporation located in Shenzhen, Guangdong, China. This defendant is a Chinese individual or entity residing and/or with its principal place of business at A1 Bai Cai Industry Park, 19th Tianbao Road, Yinrenshi Bao'an District, Shenzhen Guangdong Province, China, and has not designated an agent for service of process in Texas and may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701. As required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.003 (c), and CIVIL PRACTICE & REMEDIES CODE § 17.041(2), and pursuant to CIVIL PRACTICE & REMEDIES CODE § 17.045(a) and (d), service of process is being undertaken in full accordance with law.

2

Copy from re:SearchTX

7.      FOSHAN SUMAITONG TRADING CO., LTD., a corporation located in Foshan, Guangdong, China. This defendant is a Chinese individual or entity residing and/or with its principal place of business at No. 9 Dazhongdi, Huangliu Neighborhood Committee, Leliu, Shunde District, Foshan City, Guangdong Province China 528000, and has not designated an agent for service of process in Texas and may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701. As required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.003 (c), and CIVIL PRACTICE & REMEDIES CODE § 17.041(2), and pursuant to CIVIL PRACTICE & REMEDIES CODE § 17.045(a) and (d), service of process is being undertaken in full accordance with law.

### III.
### JURISDICTION AND VENUE

8.      Pursuant to Tex. R. Civ. P. 47(b), jurisdiction is proper because this is a civil case in which the matter in controversy is within the Court's jurisdictional limits, pursuant to Article V, Section 8, of the Texas Constitution and TEX. GOV'T. CODE § 24.007(a) and (b).

9.      Venue for this action properly lies in Jefferson County, Texas, pursuant to TEX. CIV. PRACTICE & REMEDIES CODE § 15.018 because the incident giving rise to Plaintiff's claims occurred in Jefferson County, Texas.

3

Copy from re:SearchTX

## IV.
### TEX. R. CIV. P. 47(c) NOTICE AND DAMAGE DECLARATION

10.     As required by Tex. R. Civ. P. 47(c)(4) and (d), Plaintiff RALPH CARMON gives notice that he herein seeks "monetary relief over $1,000,000," and "judgment for all the other relief to which [Plaintiff] deems himself entitled."

## V.
### SUBSTITUTION OF TRUE NAME

11.     To the extent that Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, Plaintiff RALPH CARMON hereby demands upon answer to this suit, that Defendants answer in their correct legal and assumed names.

## VI.
### CAUSES OF ACTION

#### COUNT 1: FELA NEGLIGENCE
#### UNION PACIFIC RAILROAD COMPANY

12.     At all times mentioned in this petition, Defendant UNION PACIFIC RAILROAD COMPANY ("UP") was a common carrier by railroad engaged in interstate commerce through and between the several states, and Plaintiff RALPH CARMON was employed by Defendant UP to further those activities. The injuries complained of in this petition were sustained within the course and scope of that employment.

13.     On or about March 8, 2024, Defendant UP assigned Plaintiff RALPH

4

Copy from re:SearchTX

CARMON to attend a written rules examination class at its facility in Beaumont, Texas. Doing so required Plaintiff RALPH CARMON to be in a classroom and sit in a chair provided by UP. Upon information and belief, the chair that RALPH CARMON was sitting in at the time of injury was purchased by UP from AMAZON.COM SERVICES LLC. According to UP, the chair is a Nazhura 650 Weight Limit Heavy Duty Plastic Folding Chair ("Chair").

14.     As Plaintiff RALPH CARMON was sitting in the Chair, it—suddenly and without warning—collapsed under Plaintiff RALPH CARMON causing him to fall to the ground and strike his head against a wall. As a result, Plaintiff RALPH CARMON sustained injuries to his head, neck, back, shoulders and other parts of his body.

15.     The injuries to Plaintiff RALPH CARMON were due in whole or in part to the negligence of UP, its agents, servants or employees acting in the course and scope of their employment. Defendant UP failed to provide Plaintiff RALPH CARMON with a reasonably safe place to work. Defendant's negligence and/or negligence per se includes, but is not limited to:

    a.   Failing to perform any and/or adequate inspections of the chair provided to Plaintiff.

    b.   Failing to repair or replace the chair prior to allowing Plaintiff to use same.

    c.   Failing to procure safe seating for its employees, including Plaintiff.

    d.   Failing to conduct risk assessments of chairs provided to its employees, including Plaintiff.

5

Copy from re:SearchTX

e.     Failing to respond to similar complaints or incidents involving chairs.

f.     Failing to warn Plaintiff.

g.     Failing to follow Defendant's safety and operating rules.

### Count 2: STRICT PRODUCTS LIABILITY
### AMAZON.COM SERVICES, LLC, AMAZON.COM, INC., SHENZHEN KANGAROO GARMENTS CO., LTD., AND FOSHAN SUMAITONG TRADING CO., LTD.

16.     Amazon.com Services, LLC ("ACS"), Amazon.com, Inc. ("ACI"), Shenzhen Kangaroo Garments Co., Ltd. ("Shenzhen"), and Foshan Sumaitong Trading Co., Ltd. ("Foshan") as manufacturers, distributors, and sellers of the Chair, are strictly liable for injuries caused by a defective product. The Chair was defective in one or more of the following: design defect, manufacturing defect, and/or failing to provide adequate warning or instructions.

17.     The Chair at issue was in a defective condition that was unreasonably dangerous to Plaintiff RALPH CARMON at the time it left ACS', ACI's, Shenzhen's and Foshan's control and was placed into the stream of commerce. There were safer alternative designs available that that were economically feasible. The risk of dangers inherent with the Chair as designed outweighed any benefits of the design. The Chair was expected to and did reach Plaintiff RALPH CARMON without substantial change in the condition in which it was sold.

18.     Upon information and belief, Defendants Shenzhen and/or Foshan

6

Copy from re:SearchTX

manufactured the subject Chair, and with the help of Defendants ACS and/or ACI exported it to the United States, where it was stored in an Amazon warehouse. Defendant ACS and/or ACI then sold the chairs to Amazon's Prime customers across the United States.

19.     Upon information and belief, Defendant Shenzhen and/or Foshan manufactured the Chair in China, outside the jurisdiction of this Court, and used Defendant ACS and/or ACI to act as the seller of the chairs in the United States. At all times, Defendant ACS and/or ACI was engaged in the business of distributing or otherwise placing, for a commercial purpose, the Chair and other similar products in the stream of commerce.

20.     Upon information and belief, jurisdiction cannot be obtained over the manufacturer of the Chair. Defendant ACS and/or ACI is liable as nonmanufacturing seller to the extent that Defendant Shenzhen and/or Foshan is not subject to the jurisdiction of this Court. TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.003 (a)(7)(B).

21.     Defendant ACS and/or ACI was actually aware of the defect inherent in Defendants' chairs because of continuous consumer complaints about the chairs breaking while being used. Defendant ACS and/or ACI also aware of industry standards and that the Chair failed to comply with any safety standards designed to protect consumers. Defendant ACS and/or ACI is liable as a nonmanufacturing seller to the extent that

7

Copy from re:SearchTX

Defendant ACS and/or ACI actually knew of a defect to the Chair at the time when it sold the Chair to Plaintiff RALPH CARMON. TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.003 (a)(6).

22.     Defendant ACS and/or ACI failed to provide an adequate warning or instruction which advised consumers of the dangers posed by the Chair. Defendant ACS and/or ACI exercised substantial control over the content of a warning or instruction that accompanied the Chair. The warnings and instructions were grossly inadequate and Plaintiff RALPH CARMON's personal injuries resulted from the lack of warning. Defendant ACS and/or ACI is liable as a nonmanufacturing seller to the extent that it failed to warn about the dangers of the Chair it was selling. TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.003 (a)(4).

23.     As a direct result of the unreasonably dangerous Chair, Plaintiff RALPH CARMON suffered injuries and damages.

### Count 3: NEGLIGENCE
### AMAZON.COM SERVICES, LLC, AMAZON.COM, INC., SHENZHEN KANGAROO GARMENTS CO., LTD., AND FOSHAN SUMAITONG TRADING CO., LTD.

24.     Defendants ACS, ACI, Shenzhen and Foshan owed a duty to exercise reasonable care in the design, manufacture, distribution, and sale of the Chair. Defendants breached that duty by: (i) selling a chair that could collapse under normal use; (ii) failing to inspect, test, or ensure the chair met safety standards; and (iii) failing to warn consumers of potential risks.

8

Copy from re:SearchTX

25.    As a result, Plaintiff RALPH CARMON suffered injuries to his head, neck, back, and shoulders. The injuries to Plaintiff RALPH CARMON were due in whole or in part to the negligence of ACS, ACI, Shenzhen and Foshan.

### Count 4: BREACH OF WARRANTY
### AMAZON.COM SERVICES, LLC, AMAZON.COM, INC., SHENZHEN KANGAROO GARMENTS CO., LTD., AND FOSHAN SUMAITONG TRADING CO., LTD.

26.    Defendants ACS, ACI, Shenzhen and Foshan impliedly warranted the chair was safe, durable, and fit for ordinary use, including supporting up to 650 lbs. Defendants breached this warranty. As a result, Plaintiff RALPH CARMON suffered injuries to his head, neck, back, and shoulders.

### Count 5: GROSS NEGLIGENCE
### AMAZON.COM SERVICES, LLC, AMAZON.COM, INC., SHENZHEN KANGAROO GARMENTS CO., LTD., AND FOSHAN SUMAITONG TRADING CO., LTD.

27.    Defendants ACS, ACI, Shenzhen and Foshan were grossly negligent and/or malicious in that their conduct was the product of a conscious disregard for the health and safety of Plaintiff RALPH CARMON and others similarly situated. Plaintiff RALPH CARMON, therefore, seeks punitive damages from Defendants ACS, ACI, Shenzhen and Foshan.

## VII.
## DAMAGES

A.    **General damages of Plaintiff RALPH CARMON:**

28.    Plaintiff RALPH CARMON incorporates by reference the factual statements made in the above paragraphs as if fully set out herein.

9

Copy from re:SearchTX

29. Because of the nature and consequence of this incident, Plaintiff RALPH CARMON suffered severe and extensive injuries to his head, neck, back, and shoulders, and other parts of his body. Plaintiff has suffered physical and mental pain, suffering and anguish and, in all reasonable probability, will continue to suffer in this manner either permanently of for an indefinite time into the future.

30. As a direct and proximate and/or producing cause of the above-named Defendants' actionable negligence and/or negligence per se, Plaintiff RALPH CARMON has lost wages and benefits in the past and, within reasonable probability, will continue to suffer a loss of wages, loss of wage-earning capacity and benefits in the future, either permanently or indefinitely into the future, to the end of his work life.

31. Plaintiff RALPH CARMON has also lost household services and the capacity to perform such and within reasonable probability, will continue to suffer a loss of household services and the capacity to perform such in the future, either permanently or indefinitely into the future, to the end of his natural life.

32. As a direct and proximate and/or producing cause of the above named Defendants' actionable negligence and/or negligence per se, Plaintiff RALPH CARMON has suffered and sustained mental and physical pain and suffering, mental anguish, loss of ability to enjoy the pleasures of life, loss of freedom from worry, anxiety and want, physical impairment, and disfigurement, and in reasonable probability will continue to suffer and sustain such mental and physical pain and suffering, mental anguish, loss of

10

Copy from re:SearchTX

ability to enjoy the pleasures of life, loss of freedom from worry, anxiety and want, physical impairment, and disfigurement either permanently or indefinitely into the future, to the end of his natural life.

33.     From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff RALPH CARMON for each element are as follows:

      a.   Past lost wages and benefits;

      b.  The physical and mental pain and suffering Plaintiff has experienced from the date of injury up to the time of trial;

      c.  The mental anguish, loss of ability to enjoy the pleasures of life, and loss of freedom from worry, anxiety and want Plaintiff has suffered from the date of injury up to the time of trial;

      d. The physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services she would ordinarily have been able to perform up to the time of trial;

      e. The loss of loss of household services and/or loss of capacity to perform household services Plaintiff would ordinarily have been able to perform up to the time of trial; and,

      f.  The disfigurement Plaintiff has suffered from the date of injury up to the time of trial.

34.     From the time of trial of this suit, the elements of damages to be considered which Plaintiff RALPH CARMON will in reasonable probability sustain in the future

11

Copy from re:SearchTX

beyond trial are such of the following elements as are shown by a preponderance of the evidence upon trial of this case:

    a. Future lost wages and benefits or the capacity to earn wages and benefits to the end of his work life expectancy;

    b. The physical and mental pain and suffering Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial to the end of his natural life;

    c. The mental anguish, loss of ability to enjoy the pleasures of life, and loss of freedom from worry, anxiety and want Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial to the end of his natural life;

    d. The permanent physical impairment that Plaintiff will, in reasonable probability, continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the date of trial to the end of his natural life;

    e. The loss of loss of household services and/or loss of capacity to perform household services Plaintiff would ordinarily have been able to perform up to the time of trial to the end of his natural life; and,

    f. The disfigurement that Plaintiff will, in reasonable probability, suffer in the future beyond the time of trial to the end of his natural life.

35. Because of all of the above and foregoing, Plaintiff RALPH CARMON has been damaged and will be damaged in an amount within the jurisdictional limits of this Court.

12

Copy from re:SearchTX

**B.    Medical damages of Plaintiff RALPH CARMON:**

36.    Plaintiff RALPH CARMON incorporates by reference the factual statements made in the above paragraphs as if fully set out herein.

37.    As a direct, proximate and/or producing cause resulting from the above-named Defendants' actionable negligence and/or negligence per se, Plaintiff RALPH CARMON has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

38.    As a further direct result of the actionable negligence and/or negligence per se of the above-named Defendants, and the injuries sustained by Plaintiff RALPH CARMON, he will, within reasonable medical probability, incur future expenses for his medical care and attention such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service. As a result of the incident complained of herein, Plaintiff RALPH CARMON has suffered in the past and, within reasonable medical probability, will continue to suffer in the future. Therefore, Plaintiff RALPH CARMON here now sues for an additional sum within the jurisdictional limits of this Court for past and future expenses for his medical care and attention such as physicians'

13

Copy from re:SearchTX

fees, medical supplies, appliances, medicine, hospitalization and nursing service and/or any additional like services.

### C. Gross Negligence Damages:

39.     The actions of each and all of the above-named Defendants (excluding only Defendant UP) were individually so heedless and showed such a reckless disregard for the safety and rights of others affected by them, and particularly in this instance, as to constitute gross negligence as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of each and all of said Defendants as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to Plaintiff RALPH CARMON. Accordingly, because of such gross negligence, Plaintiff RALPH CARMON further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

## VIII.
## RULE 193.7 NOTICE REGARDINGAUTHENTICATION

40.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff RALPH CARMON hereby provides notice that he intends to use, in pre-trial proceedings and at trial, all documents produced in discovery by any party such that the documents are authenticated unless objected to in accordance with Rule 193.7.

14

Copy from re:SearchTX

## IX.
## CLAIMS FOR PRE- AND POST-JUDGMENT INTEREST

41.     In addition to the above and foregoing allegations, Plaintiff RALPH CARMON further pleads that upon recovery of a judgment on the merits on any claim herein asserted in his favor, he is entitled to seek and further recover prejudgment interest at the highest rate allowed by law, together with post-judgment interest at the highest rate allowed by law until any such judgment is paid and satisfied in full.

## X.
## RESERVATION OF RIGHTS

42.     Each and all of Plaintiff RALPH CARMON's foregoing factual and legal allegations are based upon current good faith knowledge, understanding and belief based upon direct personal knowledge and/or reasonable investigation. However, as Defendant UP's disclosures are initially made and thereafter amended and/or supplemented and discovery herein proceeds, Plaintiff RALPH CARMON expressly reserves the right to amend this his First Amended Petition to assert additional causes of action and/or damages to the extent they are revealed through the stated discovery herein, and/or to amend his foregoing factual and legal allegations consistently therewith.

## XI.
## JURY DEMAND

43.     Pursuant to Tex. Const. art. V, § 10 and Tex. R. Civ. P. 216(a), Plaintiff

15

Copy from re:SearchTX

RALPH CARMON hereby respectfully demands trial by jury on all matters of fact and of each of his stated causes of action, elements of damage and claims for relief herein asserted. In conformity with Tex. R. Civ. P. 216(b), Plaintiff RALPH CARMON will hereafter forthwith tender his jury fee, in the amount of $10.00, to the Clerk of this Court; and, he respectfully requests that upon tender of such payment the Clerk note the filing thereof among the docket entries herein and that this cause be placed on the jury trial docket. *See Wittie v. Skees*, 786 S.W.2d 464, 465 (Tex.App.- Houston [14th Dist.] 1990, writ denied)(right to a jury trial if a jury demand is made any time within a *reasonable time before the date set for trial); and, Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 407 (Tex.App.-San Antonio 1994, reh'g denied) writ denied, 924 S.W.2d 156 (Tex. 1996)(compliance with Rule 216 perfects right to jury trial).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff RALPH CARMON requests that each and all of the above-named Defendants be cited in terms of law to appear and answer herein as the law directs, and that on final trial Plaintiff RALPH CARMON do have and recover judgment of and from each and all the said Defendants, individually and jointly and severally, an amount exceeding the minimum jurisdictional limits of this Court, inclusive of all past and future actual and compensatory damages proved by a preponderance of the evidence, plus pre-judgment interest thereon at the highest legal rate, costs of court, post-judgment interest at the highest rate permitted by law, and for

16

Copy from re:SearchTX

such other and further relief, general and special, at law or in equity, to which Plaintiff RALPH CARMON may show himself justly entitled to receive, including each of the following:

a. Lost past wages and benefits;

b. Future lost wages and benefits and/or future lost wage and benefits earning capacity;

c. Lost household services, in the past and future;

d. Physical pain and suffering and mental anguish, mental distress, loss of freedom from worry, anxiety and want and loss of ability to enjoy the pleasures of life in the past and future;

e. Physical impairment in the past and future;

f. Medical expenses in the past and future;

g. Disfigurement in the past and future;

h. Punitive and exemplary damages against all Defendants sans UP;

i. Pre-judgment interest at the highest rate permitted by Texas law against all Defendants sans UP;

j. Post-judgment interest at the legal rate on any judgment herein obtained;

k. Judgment against Defendants for a sum within the jurisdictional limits of this Court;

l. Taxable costs of Court; and,

j. Such other and further relief, actual or special, which Plaintiff RALPH CARMON may have shown himself to be justly entitled to receive, whether at law and/or in equity.

17

Copy from re:SearchTX

Respectfully submitted,

MCGUIRE INJURY LAW PLLC

Clint E. McGuire
State Bar No. 24013139
clint@mcguireinjurylaw.com
Jeff R. McGuire
State Bar No. 24060260
jeff@mcguireinjurylaw.com
17227 Mercury Drive, Suite B
Houston, Texas 77058
Telephone:    (281) 286-9100
Facsimile:    (281) 286-9105

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S FIRST AMENDED PETITION has been served in accordance with the Texas Rules of Civil Procedure on March 7, 2026, addressed as follows:

Daniel J. Gibson
djgibson@up.com
Bailee Y. Pender
bailee.pender@up.com
24125 Old Aldine Westfield Road
Spring, Texas 77373

Jeff R. McGuire

18

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ashley Villarreal on behalf of Clint McGuire
Bar No. 24013139
ashley@mcguireinjurylaw.com
Envelope ID: 112137190
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Petition
Status as of 3/9/2026 8:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 3/7/2026 2:17:17 PM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 3/7/2026 2:17:17 PM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 3/7/2026 2:17:17 PM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 3/7/2026 2:17:17 PM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 3/7/2026 2:17:17 PM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 3/7/2026 2:17:17 PM | SENT |
| Maren Collins | | maren.collins@up.com | 3/7/2026 2:17:17 PM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 3/7/2026 2:17:17 PM | SENT |
| Bailee Pender | | bailee.pender@up.com | 3/7/2026 2:17:17 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1-C

Cause No. 25DCCV1830; Ralph Carmon vs. Union Pacific Railroad Company, et al.
In the 172nd Judicial District Court, Jefferson County, Texas

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/1/2026 2:04 PM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830





## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Priscilla Perez on behalf of Clint McGuire
Bar No. 24013139
priscilla@mcguireinjurylaw.com
Envelope ID: 113139647
Filing Code Description: Notice
Filing Description: Amazon.com Services LLC
Status as of 4/1/2026 2:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/1/2026 2:04:20 PM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/1/2026 2:04:20 PM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/1/2026 2:04:20 PM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/1/2026 2:04:20 PM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/1/2026 2:04:20 PM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/1/2026 2:04:20 PM | SENT |
| Maren Collins | | maren.collins@up.com | 4/1/2026 2:04:20 PM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/1/2026 2:04:20 PM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/1/2026 2:04:20 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1-D

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**4/9/2026 8:58 AM**
**JAMIE SMITH**
**DISTRICT CLERK**
**25DCCV1830**

Cause No.: 25DCCV1830            {}            In the 172nd District Court
                                 {}            JEFFERSON County
Plaintiff:                       {}
RALPH CARMON

Defendant:
UNION PACIFIC RAILROAD
COMPANY ET AL

Officer's Return

Came to hand March 19, 2026 at 9:28 A.M. and executed in Travis County, Texas, on March 24, 2026 at 4:40 P.M. by delivering to AMZAON.COM INC by delivering to Jane Nelson Secretary of State, of the State of Texas, at 400 W. 15th Street, Austin, Texas, 78701, by delivering to MICHELLE ROBINSON registered agent of service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's FIRST AMENDED petition.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Michael Untermeyer, Deputy

Copy from re:SearchTX



# THE STATE OF TEXAS

## No. 25DCCV1830

## RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

### CITATION

## 172ND DISTRICT COURT
## JEFFERSON COUNTY, TEXAS

To:    AMAZON.COM, INC
       SERVED THROUGH TEXAS SECRETARY OF STATE

by serving at:
1019 BRAZOS STREET
AUSTIN, TEXAS 78701

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl St., Room 203, Beaumont, TX 77701. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the on this the 9th day of September, 2025. It bears cause number 25DCCV1830 and is styled:

RALPH CARMON VS. UNION PACIFIC RAILROAD COMPANY, ET AL.

The name and address of the attorney for Plaintiff(s) or Plaintiff(s) if pro se) is:

CLINT E MCGUIRE
17227 MERCURY DRIVE
SUITE B
HOUSTON TX  77058

The nature of the demands of said Plaintiff(s) is shown by a true and correct copy of First Amended Petition accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the on this the 9th day of March, 2026.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

By: _____

Erin Harper, Deputy

Copy from re:SearchTX

## RETURN OF SERVICE

25DCCV1830            172nd District Court

RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

**ADDRESS FOR SERVICE:**

**1019 BRAZOS STREET**
**AUSTIN, TEXAS 78701**

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
_____, Officer
_____, County, Texas

By: _____, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

**FEES:**

Serving Petition and Copy $_____

Total                    $_____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
        (First, Middle, Last)

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Priscilla Perez on behalf of Clint McGuire
Bar No. 24013139
priscilla@mcguireinjurylaw.com
Envelope ID: 113431172
Filing Code Description: Notice
Filing Description: Return of Service - Amazon.com Inc.
Status as of 4/9/2026 11:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/9/2026 8:58:51 AM | SENT |
| Maren Collins | | maren.collins@up.com | 4/9/2026 8:58:51 AM | ERROR |

Copy from re:SearchTX

# EXHIBIT 1-E

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/9/2026 8:58 AM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

Cause No.: 25DCCV1830          {}          In the 172nd District Court
                                {}          JEFFERSON County
Plaintiff:                      {}
RALPH CARMON

Defendant:
UNION PACIFIC RAILROAD
COMPANY ET AL

## Officer's Return

Came to hand March 19, 2026 at 9:29 A.M. and executed in Travis County, Texas, on March 24, 2026 at 4:40 P.M. by delivering to FOSHAN SUMAITONG TRADING CO LTD by delivering to Jane Nelson Secretary of State, of the State of Texas, at 400 W. 15th Street, Austin, Texas, 78701, by delivering to MICHELLE ROBINSON registered agent of service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's FIRST AMENDED petition.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Michael Untermeyer, Deputy

Copy from re:SearchTX



# THE STATE OF TEXAS

## No. 25DCCV1830

## RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

### CITATION

## 172ND DISTRICT COURT
## JEFFERSON COUNTY, TEXAS

To:   FOSHAN SUMAITONG TRADING CO., LTD.
BY SERVING THE TEXAS SECRETARY OF STATE

by serving at:
1019 BRAZOS STREET
AUSTIN, TEXAS 78701

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl St., Room 203, Beaumont, TX 77701. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the on this the 9th day of September, 2025. It bears cause number 25DCCV1830 and is styled:

RALPH CARMON VS. UNION PACIFIC RAILROAD COMPANY, ET AL.

The name and address of the attorney for Plaintiff(s) or Plaintiff(s) if pro se) is:

> CLINT E MCGUIRE
> 17227 MERCURY DRIVE
> SUITE B
> HOUSTON TX  77058

The nature of the demands of said Plaintiff(s) is shown by a true and correct copy of First Amended Petition accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the on this the 9th day of March, 2026

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

By: _____

Erin Harper, Deputy

Copy from re:SearchTX

## RETURN OF SERVICE

25DCCV1830            172nd District Court

RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____.

**ADDRESS FOR SERVICE:**                                          _____Carlos B. Lopez_____ Officer

**1019 BRAZOS STREET**                          Constable D-- -  Travis County, Texas', County, Texas

**AUSTIN, TEXAS 78701**

By: _____, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

**FEES:**

Serving Petition and Copy  $_____                      Carlos B. Lopez

Total                          $_____            Constable Pct. 5, Travis County, Texas , Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____

                (First, Middle, Last)

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Priscilla Perez on behalf of Clint McGuire
Bar No. 24013139
priscilla@mcguireinjurylaw.com
Envelope ID: 113431172
Filing Code Description: Notice
Filing Description: Return of Service - Amazon.com Inc.
Status as of 4/9/2026 11:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/9/2026 8:58:51 AM | SENT |
| Maren Collins | | maren.collins@up.com | 4/9/2026 8:58:51 AM | ERROR |

Copy from re:SearchTX

# EXHIBIT 1-F

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/9/2026 8:58 AM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

Cause No.: 25DCCV1830      {}     In the 172nd District Court
                                              {}     JEFFERSON County

Plaintiff:
RALPH CARMON                                  {}

Defendant:
UNION PACIFIC RAILROAD
COMPANY ET AL

## Officer's Return

Came to hand March 19, 2026 at 9:29 A.M. and executed in Travis County, Texas, on March 24, 2026 at 4:40 P.M. by delivering to SHENZHEN KANGAROO GARMENTS CO LTD by delivering to Jane Nelson Secretary of State, of the State of Texas, at 400 W. 15th Street, Austin, Texas, 78701, by delivering to MICHELLE ROBINSON registered agent of service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's FIRST AMENDED petition.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Michael Untermeyer, Deputy

Copy from re:SearchTX

# THE STATE OF TEXAS

## No. 25DCCV1830

## RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

### CITATION

## 172ND DISTRICT COURT
## JEFFERSON COUNTY, TEXAS

To:   SHENZHEN KANGAROO GARMENTS CO., LTD.
BY SERVING THE TEXAS SECRETARY OF STATE

by serving at:
**1019 BRAZOS STREET**
**AUSTIN, TEXAS 78701**

**DEFENDANT:**

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl St., Room 203, Beaumont, TX 77701. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the on this the 9th day of September, 2025. It bears cause number 25DCCV1830 and is styled:

RALPH CARMON VS. UNION PACIFIC RAILROAD COMPANY, ET AL.

The name and address of the attorney for Plaintiff(s) or Plaintiff(s) if pro se) is:

> **CLINT E MCGUIRE**
> **17227 MERCURY DRIVE**
> **SUITE B**
> **HOUSTON TX 77058**

The nature of the demands of said Plaintiff(s) is shown by a true and correct copy of First Amended Petition accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the on this the 9th day of March, 2026

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

By: _____

Erin Harper, Deputy


Copy from re:SearchTX

## RETURN OF SERVICE

25DCCV1830          172nd District Court

RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

**ADDRESS FOR SERVICE:**

**1019 BRAZOS STREET**
**AUSTIN, TEXAS 78701**

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

By: _____, Deputy

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy  $_____
Total                                  $_____

_____, Officer
Constable Pct. 5, Travis County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
          (First, Middle, Last)

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Priscilla Perez on behalf of Clint McGuire
Bar No. 24013139
priscilla@mcguireinjurylaw.com
Envelope ID: 113431172
Filing Code Description: Notice
Filing Description: Return of Service - Amazon.com Inc.
Status as of 4/9/2026 11:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/9/2026 8:58:51 AM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/9/2026 8:58:51 AM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/9/2026 8:58:51 AM | SENT |
| Maren Collins | | maren.collins@up.com | 4/9/2026 8:58:51 AM | ERROR |

Copy from re:SearchTX

# EXHIBIT 1-G

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/8/2025 4:28 PM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

CAUSE NO. 25DCCV1830

| | | |
|---|---|---|
| RALPH CARMON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNION PACIFIC RAILROAD | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 172ND JUDICIAL DISTRICT |

## UNION PACIFIC RAILROAD COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Union Pacific Railroad Company ("Union Pacific"), files its Original Answer and respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Union Pacific generally denies the allegations contained in Plaintiff's First Amended Petition and respectfully requests that Plaintiff be required to prove his claims by a preponderance of the evidence as required by law.

## II.
## AFFIRMATIVE DEFENSES

1. Defendant would show that at the times and on the occasions in question there was a failure on the part of the Plaintiff to exercise that degree of care that would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure was a proximate cause and/or sole proximate cause and/or producing cause and/or the sole producing

*Union Pacific Railroad Company's*
*Original Answer*

Copy from re:SearchTX

cause and/or a cause in whole or in part of the incident made the basis of this suit and the resulting injuries and damages alleged by Plaintiff.

2.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51, et seq., and the federal laws, rules, regulations, orders and standards enacted pursuant to that Act, Plaintiff's claims are preempted and precluded by federal law in this matter.

3.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that to the extent that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law, Plaintiff's claims are barred, in whole or in part. Further, to the extent that Plaintiff failed to mitigate his damages, such conduct is a cause or sole cause of Plaintiff's alleged damages.

4.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that, pursuant to 45 U.S.C. §§ 51, et seq., and as otherwise permitted by law, Union Pacific is entitled to an offset or to deduct any amounts paid or amounts that will be paid to Plaintiff, including, but not limited to, Railroad Retirement Board payments or advances.

5.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that to the extent that the incapacity, disability, and physical infirmities complained of by Plaintiff in this suit are the result of pre-existing or subsequently occurring injuries, conditions, infirmities, ailments, diseases or disabilities, in whole or in part, such incapacity, disability, and physical infirmities were not caused or produced by or as a result of the incident as alleged by Plaintiff; therefore, Plaintiff's monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than Union Pacific's (alleged) negligence.

*Union Pacific Railroad Company's*
*Original Answer*

Copy from re:SearchTX

6. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that Plaintiff was a member of a local union. This labor union has entered into written collective bargaining agreements with Union Pacific, the terms by which Union Pacific is obligated to pay certain wages, disability and/or medical benefits to union members, such as Plaintiff, who are allegedly injured and/or disabled under certain prescribed circumstances; provided, however, that payment by Union Pacific of such benefits shall be off-set against any judgment, settlement, or damages subsequently awarded to said union members in claims or lawsuits arising out of the same incident as gave rise to the eligibility for, and receipt of, such benefits. Union Pacific is informed and believes and, therefore, alleges that Plaintiff has received certain benefits afforded by one or more of the aforementioned collective bargaining agreements.

7. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that advances, payments or benefits funded by Union Pacific which Plaintiff has received as a result of Plaintiff's alleged injuries should be off-set against any monies Plaintiff recovers in this action, if any.

8. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that Plaintiff's alleged injuries and damages, if any, were solely and proximately caused, or, in the alternative, proximately caused by incidents and/or conditions prior to and/or subsequent to the incident made the subject of this suit, and/or were not caused by the incident made the subject of this suit.

9. In the alternative, and without waiving the foregoing, Union Pacific affirmatively asserts that in the event of recovery of damages by Plaintiff from Union Pacific, any award of pre- and/or

*Union Pacific Railroad Company's*
*Original Answer*

Page 3

Copy from re:SearchTX

post-judgment interest is limited by the provisions of Sections 304.103, 304.1045, and 304.003, Texas Finance Code.

10. In the alternative, and without waiving the foregoing, Union Pacific requests that, if at the time of submission, Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., the Court, in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE §18.091, require that evidence to prove the loss be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax.

11. In the alternative, and without waiving the foregoing, Union Pacific affirmatively asserts that Plaintiff's recovery of medical or health care expenses (however incurred) must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 41.0105.

12. In the alternative, and without waiving the foregoing, Union Pacific asserts that the matters which the Plaintiff complains were not proximately caused, in whole or in part, by any acts of negligence on the part of Union Pacific.

### III.
### EVIDENCE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Union Pacific gives notice that any and all documents produced by any party to this suit in response to written discovery in this suit will be used by Defendant as evidence in pre-trial and trial of this case.

### IV.
### RESERVATION OF RIGHT

Union Pacific reserves the right to supplement or amend this pleading at a later date.

*Union Pacific Railroad Company's*
*Original Answer*

Page 4

Copy from re:SearchTX

## V.
## **<u>DEMAND FOR JURY TRIAL</u>**

Union Pacific requests a jury trial in this cause. The jury fee has been paid or will be timely paid contemporaneous with this Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant, Union Pacific Railroad Company, prays that upon final trial hereof, it have judgment of this Court; that Plaintiff take nothing; that Union Pacific be awarded its costs; and for such other and further relief, at law or in equity, as to which Union Pacific may show itself justly entitled.

Respectfully submitted,

_____

Daniel J. Gibson
State Bar No. 24118124
djgibson@up.com
Telephone:  (281) 350-7259
Bailee Y. Pender
State Bar No. 24090620
bailee.pender@up.com
Telephone: (281) 350-7250
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373

ATTORNEY FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY

*Union Pacific Railroad Company's*
*Original Answer*

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the counsel of record through the Court's electronic filing system on this ___ day of October, 2025.


_____
Daniel J. Gibson

*Union Pacific Railroad Company's*
*Original Answer*

Page 6

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maren Collins on behalf of Daniel Gibson
Bar No. 24118124
maren.collins@up.com
Envelope ID: 106619161
Filing Code Description: Answer/Response
Filing Description: Original Answer
Status as of 10/9/2025 7:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 10/8/2025 4:28:15 PM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 10/8/2025 4:28:15 PM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 10/8/2025 4:28:15 PM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 10/8/2025 4:28:15 PM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 10/8/2025 4:28:15 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1-H

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**3/30/2026 2:14 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**25DCCV1830**

CAUSE NO. 25DCCV1830

| | | |
|---|---|---|
| RALPH CARMON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| UNION PACIFIC RAILROAD | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 172ND JUDICIAL DISTRICT |

## UNION PACIFIC RAILROAD COMPANY'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Union Pacific Railroad Company ("Union Pacific"), files its Answer to Plaintiff's First Amended Petition, and respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Union Pacific generally denies the allegations contained in Plaintiff's First Amended Petition and respectfully requests that Plaintiff be required to prove his claims by a preponderance of the evidence as required by law.

## II.
## AFFIRMATIVE DEFENSES

Without waiving the foregoing General Denial, and pleading in the alternative, Union Pacific asserts the following affirmative defenses:

1. Defendant would show that at the times and on the occasions in question there was a failure on the part of the Plaintiff to exercise that degree of care that would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure was a proximate cause and/or sole proximate cause and/or producing cause and/or the sole producing

Copy from re:SearchTX

cause and/or a cause in whole or in part of the incident made the basis of this suit and the resulting injuries and damages alleged by Plaintiff.

2. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51, et seq., and the federal laws, rules, regulations, orders and standards enacted pursuant to that Act, Plaintiff's claims are preempted and precluded by federal law in this matter.

3. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that to the extent that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law, Plaintiff's claims are barred, in whole or in part. Further, to the extent that Plaintiff failed to mitigate his damages, such conduct is a cause or sole cause of Plaintiff's alleged damages.

4. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that, pursuant to 45 U.S.C. §§ 51, et seq., and as otherwise permitted by law, Union Pacific is entitled to an offset or to deduct any amounts paid or amounts that will be paid to Plaintiff, including, but not limited to, Railroad Retirement Board payments or advances.

5. In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that to the extent that the incapacity, disability, and physical infirmities complained of by Plaintiff in this suit are the result of pre-existing or subsequently occurring injuries, conditions, infirmities, ailments, diseases or disabilities, in whole or in part, such incapacity, disability, and physical infirmities were not caused or produced by or as a result of the incident as alleged by Plaintiff; therefore, Plaintiff's monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than Union Pacific's (alleged) negligence.

**UNION PACIFIC RAILROAD COMPANY'S**
**ANSWER TO PLAINTIFF'S 1ST AMENDED PETITION**                                                        Page 2

Copy from re:SearchTX

6.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that Plaintiff was a member of a local union. This labor union has entered into written collective bargaining agreements with Union Pacific, the terms by which Union Pacific is obligated to pay certain wages, disability and/or medical benefits to union members, such as Plaintiff, who are allegedly injured and/or disabled under certain prescribed circumstances; provided, however, that payment by Union Pacific of such benefits shall be off-set against any judgment, settlement, or damages subsequently awarded to said union members in claims or lawsuits arising out of the same incident as gave rise to the eligibility for, and receipt of, such benefits. Union Pacific is informed and believes and, therefore, alleges that Plaintiff has received certain benefits afforded by one or more of the aforementioned collective bargaining agreements.

7.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that advances, payments or benefits funded by Union Pacific which Plaintiff has received as a result of Plaintiff's alleged injuries should be off-set against any monies Plaintiff recovers in this action, if any.

8.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively alleges that Plaintiff's alleged injuries and damages, if any, were solely and proximately caused, or, in the alternative, proximately caused by incidents and/or conditions prior to and/or subsequent to the incident made the subject of this suit, and/or were not caused by the incident made the subject of this suit.

9.  In the alternative, and without waiving the foregoing, Union Pacific affirmatively asserts that in the event of recovery of damages by Plaintiff from Union Pacific, any award of pre- and/or post-judgment interest is limited by the provisions of Sections 304.103, 304.1045, and 304.003, Texas Finance Code.

Copy from re:SearchTX

10. In the alternative, and without waiving the foregoing, Union Pacific requests that, if at the time of submission, Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., the Court, in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE §18.091, require that evidence to prove the loss be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax.

11. In the alternative, and without waiving the foregoing, Union Pacific affirmatively asserts that Plaintiff's recovery of medical or health care expenses (however incurred) must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 41.0105.

12. In the alternative, and without waiving the foregoing, Union Pacific asserts that the matters which the Plaintiff complains were not proximately caused, in whole or in part, by any acts of negligence on the part of Union Pacific.

### III.
### EVIDENCE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Union Pacific gives notice that any and all documents produced by any party to this suit in response to written discovery in this suit will be used by Defendant as evidence in pre-trial and trial of this case.

### IV.
### RESERVATION OF RIGHT

Union Pacific reserves the right to supplement or amend this pleading at a later date.

### V.
### DEMAND FOR JURY TRIAL

Union Pacific requests a jury trial in this cause. The jury fee has been paid or will be timely paid contemporaneous with this Answer.

UNION PACIFIC RAILROAD COMPANY'S
ANSWER TO PLAINTIFF'S 1ST AMENDED PETITION                                                    Page 4

Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Defendant, Union Pacific Railroad Company, prays that upon final trial hereof, it have judgment of this Court; that Plaintiff take nothing; that Union Pacific be found free of fault; that all fault be apportioned to the Amazon defendants and product manufacturers; that Union Pacific recover its costs; and for such other and further relief to which it may be justly entitled at law or in equity., as to which Union Pacific may show itself justly entitled.

Respectfully submitted,

_____
Daniel J. Gibson
State Bar No. 24118124
djgibson@up.com
Telephone:  (281) 350-7259
Bailee Y. Pender
State Bar No. 24090620
bailee.pender@up.com
Telephone: (281) 350-7250
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373

*ATTORNEY FOR DEFENDANT*
*UNION PACIFIC RAILROAD COMPANY*

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to the counsel of record through the Court's electronic filing system on this 30th day of March , 2026.

_____
Daniel J. Gibson

*UNION PACIFIC RAILROAD COMPANY'S*
*ANSWER TO PLAINTIFF'S 1ST AMENDED PETITION*                                                Page 6

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Gibson
Bar No. 24118124
djgibson@up.com
Envelope ID: 113031293
Filing Code Description: Answer/Response
Filing Description: Union Pacific's Answer to Plaintiff's 1st Amended Petition
Status as of 3/30/2026 2:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 3/30/2026 2:14:46 PM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 3/30/2026 2:14:46 PM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 3/30/2026 2:14:46 PM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 3/30/2026 2:14:46 PM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 3/30/2026 2:14:46 PM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 3/30/2026 2:14:46 PM | SENT |
| Maren Collins | | maren.collins@up.com | 3/30/2026 2:14:46 PM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 3/30/2026 2:14:46 PM | SENT |
| Bailee Pender | | bailee.pender@up.com | 3/30/2026 2:14:46 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1-I

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/1/2026 1:42 PM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

CAUSE NO. 25DCCV1830

| | | |
|---|---|---|
| RALPH CARMON **Plaintiff** | § § § | IN THE DISTRICT COURT OF |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| AMAZON.COM, INC., UNION PACIFICRAILROAD CO., *et al.* **Defendants** | § § § § | 172nd JUDICIAL DISTRICT |

---

## UNION PACIFIC'S ORIGINAL CROSS-CLAIM AGAINST DEFENDANTS AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD.

---

TO THE HONORABLE JUDGE TEMPLETON:

COMES NOW Union Pacific Railroad Company ("Union Pacific"), for itself only and without assuming any burden of proof as to Plaintiff's claims, pursuant to Rule 97(e) of the Texas Rules of Civil Procedure, now acting as Cross-Plaintiff, hereby complains of Cross-Defendants, AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD (collectively, "Cross-Defendants") and would respectfully show the Court as follows:

### I.
### PARTIES

1.      UNION PACIFIC RAILROAD COMPANY is a defendant in this action and denies liability to Plaintiff.

2.      Cross-Defendants AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD (collectively, "Cross-Defendants") are defendants who allegedly designed, manufactured, distributed, marketed, sold, or placed into the stream of commerce the chair that is the subject of Plaintiff's claims.

Copy from re:SearchTX

## II.
## FACTS

3.      Plaintiff alleges that on or about March 8, 2024, he was attending an examination related to his employment with Union Pacific in a classroom setting. While using a chair which, upon information and belief, was purchased, distributed, marketed, sold, or placed into the stream of commerce by AMAZON.COM SERVICES, INC. and/or AMAZON.COM, INC., having been designed, manufactured, distributed, marketed, sold, or placed into the stream of commerce by SHENZEN KANGAROO GARMENTS CO., LTD. and/or FOSHAN SUMAITONG TRADING CO., LTD., the subject chair "suddenly and without warning" collapsed under Plaintiff, causing him to fall and allegedly injure himself (the "Incident"). *See* Pl.'s 1st Amended Petition at ¶ ¶ 13 - 14.

4.      The subject chair is advertised, promoted, and/or placed into the stream of commerce by AMAZON.COM SERVICES, INC. and/or AMAZON.COM, INC. as follows:



Copy from re:SearchTX

5.    AMAZON.COM SERVICES, INC. and/or AMAZON.COM, INC. repeatedly promote, advertise, and assert that the subject chair is *"heavy duty steel construction and anti-slip protectors ensure our folding chairs can support up to 650lbs [sic]," supra.*

6.    Even in AMAZON.COM SERVICES, INC. and/or AMAZON.COM, INC.'s bill of sale, the subject chair is warranted to have a *"650LB Weight Limit":*



**Final Details for Order #113-8678362-2972214**

Order Placed:  January 18, 2024
Amazon.com order number: 113-8678362-2972214
Order Total:  $299.96

| Shipped on January 18, 2024 | |
|---|---|
| **Items Ordered** | **Price** |
| 2 of: *Nazhura Foldable Folding Chairs Plastic Outdoor/Indoor 650LB Weight Limit (Black, 8 Pack)* <br> Sold by: PEARSONS1979 *(seller profile)* \| Product question? *(Ask Seller )* <br> Business Price <br> Condition: New | $138.55 |

7.    Plaintiff did not weigh 650 pounds on March 8, 2024, when taking his examination class for Union Pacific. Nevertheless, the subject chair failed due to various breach/es of duty/ies by Cross-Defendants, who have put unsafe products into the stream of commerce with inaccurate representations as to materials, quality, and capacity.

8.    On March 9, 2026, Plaintiff filed his first amended Petition, naming the Cross-Defendants as individually named direct Defendants for the first time in the pendency of the instant civil action. As such, Union Pacific now asserts the instant Cross-Claims against same.

### III.
### GENERAL ALLEGATIONS

9.    Plaintiff alleges that the incident made the basis of this lawsuit was caused by a defective folding chair that collapsed while Plaintiff was seated.

Copy from re:SearchTX

10.     Union Pacific expressly denies that it was negligent in any respect and denies that it caused or contributed to Plaintiff's alleged injuries.

11.     If Plaintiff sustained any injury or damage as alleged, such injury or damage was caused solely and proximately by the acts and omissions of Cross-Defendants, including but not limited to the design, manufacture, assembly, inspection, testing, labeling, marketing, distribution, and sale of an unreasonably dangerous and defective product.

## IV.
## NEGLIGENCE –
## AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD

12.     Union Pacific hereby reincorporates by reference all factual and legal allegations and averments contained in ¶¶ 1-11, *supra*, as if fully set forth herein.

13.     Cross-Defendants owed duties to Plaintiff, Union Pacific, and the public to design, manufacture, distribute, and sell a product that was reasonably safe for its intended and foreseeable uses.

14.     The Incident was proximately caused by Cross-Defendants' negligence. Cross-Defendants owed a duty of care to Cross-Plaintiff and breached this duty, by act(s) and/or omission(s), including but not limited to:

   a) Designing and/or manufacturing a chair that was structurally unsafe and prone to collapse;

   b) Failing to adequately test or inspect the chair;

   c) Failing to provide adequate warnings or instructions;

   d) Misrepresenting the chair's load-bearing capacity;

   e) Placing a defective product into the stream of commerce.

Copy from re:SearchTX

15. All damages and injuries attendant to the underlying suit and/or the instant Cross-Claim(s) were proximately caused by Cross-Defendants' negligence and breach of duties, *supra*.

## V.
## CONTRIBUTION –
## AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD

16. Union Pacific hereby reincorporates by reference all factual and legal allegations and averments contained in ¶¶ 1-15, *supra*, as if fully set forth herein.

17. Union Pacific asserts a right to contribution against all named Cross-Defendants Pursuant to Chapter 33 of the Texas Civil and Practice & Remedies Code, as well as federal common law applicable to Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* (1908), actions, such as the instant lawsuit.

18. FELA provides no statutory bar to contribution, and the 5th Circuit holds that, when a federal statute is silent, common law governs contribution.

19. Under Tex. Civ. Prac. & Rem. Code § 33.015, a liable defendant is entitled to contribution from any person found responsible for the claimant's harm.

20. Cross-Defendant(s) are the sole cause of the Incident and are 100% responsible for the negligence that cause Plaintiffs' injuries, if any, and Union Pacific's property damages, *supra*.

21. All damages and injuries attendant to the underlying suit and/or the instant Cross-Claim(s) were proximately caused by Cross-Defendants' negligence and breach of duties, *supra*.

22. Union Pacific, therefore, seeks contribution from Cross-Defendants corresponding to their determined percentage of responsibility, up to and including 100%.

## VI.
## COMMON-LAW INDEMNITY –
## AMAZON.COM SERVICES, INC., AMAZON.COM, INC., SHENZEN KANGAROO GARMENTS CO., LTD., FOSHAN SUMAITONG TRADING CO., LTD

Copy from re:SearchTX

23. Union Pacific hereby reincorporates by reference all factual and legal allegations and averments contained in ¶¶ 1-22, *supra*, as if fully set forth herein.

24. Union Pacific seeks common-law indemnity to the extent that its liability to Plaintiffs, if any, is purely derivative or imposed solely by operation of the FELA.

25. The 5th Circuit recognizes indemnity where the Defendant's liability is purely derivative or vicarious.

26. Under FELA, a railroad may be held liable by statutory operation even when a third party's negligence was the sole proximate cause.

27. FELA does not preclude railroads from seeking indemnity from negligent third parties.

28. Contribution and indemnity are available under federal common law because FELA is silent on these issues.

29. Because Cross-Defendant(s) negligence and/or breach of duties, *supra*, was the active, direct, and sole cause of the Incident, Union Pacific is entitled to full common-law indemnity for any judgment entered in Plaintiff's favor.

## VII.
## CAUSATION & DAMAGES

30. Cross-Defendants' negligence and/or breach of duties, *supra*, were the sole proximate cause of the Incident made the basis of this litigation.

31. Cross-Plaintiff sustained: wage and related expense damages; business expenses; and other economic and medical damages paid as a result of the Incident caused by Cross-Defendants.

## VIII.
## CONTRIBUTION

32. Cross-Defendants are liable to Cross-Plaintiff. Therefore, if Cross-Plaintiff is found

Copy from re:SearchTX

liable in the underlying civil action for an Incident for which Cross-Defendants are the sole proximate cause, then Cross-Plaintiff is entitled to contribution from Cross-Defendant and a credit, or offset, as allowed by law for any settlement or judgment.

## IX.
## RULE 193.7 NOTICE

33.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Cross-Plaintiff hereby gives notice that all documents produced by Plaintiff and/or Defendants/Cross-Defendants in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## X.
## PRAYER

WHEREFORE, Cross-Plaintiff, Union Pacific Railroad Company, hereby respectfully requests this Honorable Court find Cross-Defendants: the sole proximate cause of the Incident made the basis of the underlying civil action filed by the Plaintiff; and, liable to Union Pacific due to negligence and/or breach of duty/ies for the damages sought in Union Pacific's instant Original Cross-Claim. Union Pacific further prays that this Honorable Court grant Cross-Plaintiff contribution and indemnification from Cross-Defendants, and a credit, costs, and all other relief, both general and special, to which Cross-Plaintiff is entitled, in law or in equity.

[*SIGNATURE  INTENTIONALLY  ON  FOLLOWING  PAGE*]

Copy from re:SearchTX

Respectfully submitted,

_____
Daniel J. Gibson
State Bar No. 24118124
djgibson@up.com
Telephone:  (281) 350-7259
Bailee Y. Pender
State Bar No. 24090620
bailee.pender@up.com
Telephone: (281) 350-7250
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373

*ATTORNEY FOR DEFENDANT*
*UNION PACIFIC RAILROAD COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the counsel of record through the Court's electronic filing system on this 1st day of April, 2026.

_____
Daniel J. Gibson

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Gibson
Bar No. 24118124
djgibson@up.com
Envelope ID: 113137856
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Union Pacific's Original Cross-Claim
Status as of 4/1/2026 1:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/1/2026 1:42:38 PM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/1/2026 1:42:38 PM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/1/2026 1:42:38 PM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/1/2026 1:42:38 PM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/1/2026 1:42:38 PM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/1/2026 1:42:38 PM | SENT |
| Maren Collins | | maren.collins@up.com | 4/1/2026 1:42:38 PM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/1/2026 1:42:38 PM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/1/2026 1:42:38 PM | SENT |

Copy from re:SearchTX

# EXHIBIT 1-J

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/13/2026 11:37 AM
JAMIE SMITH
DISTRICT CLERK
25DCCV1830

**CAUSE NO. 25DCCV1830**

| | | |
|---|---|---|
| RALPH CARMON, | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| v. | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| Defendant. | § | **172nd JUDICIAL DISTRICT** |

---

**DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME **AMAZON.COM SERVICES LLC** and **AMAZON.COM, INC., (collectively sometimes referred to as "Amazon")** Defendants in the above styled and numbered cause, and file this Original Answer to Plaintiff's First Amended Petition, and in support thereof would respectfully show this Honorable Court the following:

**I.**
**GENERAL DENIAL**

1.      Reserving the right to file other further pleadings, exceptions and/or denials, Defendants generally deny each and every material allegation contained in Plaintiff's First Amended Petition and/or latest live pleading and demand strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

**II.**
**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

2.      Reserving the right to file other further pleadings, exceptions and/or denials, Amazon would state Plaintiff's Petition fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Amazon.

3.      Pleading further and in the alternative, Amazon did not owe Plaintiff a duty of care. If Amazon did owe Plaintiff a duty of care, Amazon did not breach that duty.

4.      Pleading further and in the alternative, Plaintiff has failed to join necessary or indispensable parties.

5.      Pleading further and in the alternative, Plaintiff's claims against Amazon are barred completely or must be reduced in proportion to the fault attributable to such other parties or third parties as are found liable.

6.      Pleading further and in the alternative, Plaintiff's injuries, damages or losses, if any, were caused in whole or in part by the acts or omissions of other persons over whom Amazon had no supervision or control, those acts or omissions being the sole proximate cause or an intervening or superseding cause of any injuries or damages Plaintiff sustained.

7.      Pleading further and in the alternative, any amount that Plaintiff claims as compensatory damages, if the claims are not entirely barred, must be reduced proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.  Amazon is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.  Judgment must be entered on the basis of Amazon's fault, if any, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, including, specifically, but not limited to, Plaintiff, the seller of the product at issue and/or the manufacturer of the product at issue.

8.      Pleading further and in the alternative, Plaintiff's recovery may be barred or subject to reduction due to the comparative fault or contributory negligence of Plaintiff.

9.      Pleading further and in the alternative, Plaintiff's alleged loss, damage, injury, harm, or expense may have been caused in whole or in part by Plaintiff's failure to exercise reasonable care and to mitigate damages.

10.     Pleading further and in the alternative, Plaintiff may have received compensation from alternate sources and recovery must be reduced accordingly.

11.     Pleading further and in the alternative, no act or omission on the part of Amazon either caused or contributed to whatever injuries or damages Plaintiff may have sustained.

12.     Pleading further and in the alternative, the benefits of the design and composition of the product outweigh the risks, if any, associated with it, and therefore the product was not unreasonably dangerous.

13.     Pleading further and in the alternative, upon information and belief, Plaintiff and/or other persons or entities were aware of, or should have been aware of, the proper, safe and intended use, care and maintenance of the product.  Plaintiff and/or other persons or entities may have nevertheless, and with full knowledge of the consequences and dangerousness of such use, abused the product by not properly and safely caring for, using, and maintaining the product, and such abuse proximately caused Plaintiff's damages.

14.     Pleading further and in the alternative, Plaintiff's alleged injuries and expenses may have been caused by a malfunction or alteration of the product, and any such modification or alteration was not reasonably expected by Amazon.

15.     Pleading further and in the alternative, the product which is the subject of this lawsuit may have contained specific warnings regarding the consequences of its use which admonished the user not to use the product except pursuant to, and in strict conformance with, the instructions for its use.  Amazon alleges that Plaintiff and/or other persons or entities, with complete disregard for said warnings, and with knowledge of said warnings and with complete appreciation of the consequences and dangerousness of using the product contrary to said warnings, nevertheless used the product in disregard of the warnings and thereby proximately caused Plaintiff's damages.

16.    Pleading further and in the alternative, the product which is the subject of this lawsuit may have contained specific instructions regarding the proper use of said product, the manner in which to properly use the product, the manner in which the product may be safely used, the procedures to follow to correctly, properly and safely use the product and the use for which the product was designed, intended, and marketed.   Amazon alleges that Plaintiff and/or other persons or entities, were aware of, or should have been aware of, said instructions, and Plaintiff and/or other persons or entities knew, or should have known, of the consequences and dangerousness of using the product contrary to and in disregard of said instructions, and yet nevertheless used said product contrary to said instructions which proximately caused Plaintiff's damages.

17.    Pleading further and in the alternative, Plaintiff's alleged damages, if any, were caused or contributed to, directly and proximately, by Plaintiff's disregard of the warnings, instructions, user manual, and/or directions for the product's use.

18.    Plaintiff's claims may be barred, in whole or in part, by the Federal Communication Decency Act, 47 U.S.C. Section 230.

19.    Amazon made no express or implied representations or warranties of any kind to Plaintiff relating to the subject product and disclaimed all warranties in its Conditions of Use. To the extent that any alleged representations or warranties were made to Plaintiff, they were made by persons or entities other than Amazon and over whom Amazon has or had no control or right of control.

20.    Plaintiff did not rely upon any representations or warranties made by Amazon relating to the subject product. To the extent the Plaintiff relied upon any alleged representations or warranties, such reliance was unjustified.

21.    Amazon reserves the right to assert any additional defenses as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **AMAZON.COM SERVICES**

**LLC** and **AMAZON.COM, INC.**, request judgment of the Court that Plaintiff take nothing by

this suit, and that Defendants be awarded costs and such other and further relief to which they may

show themselves justly entitled to receive.

Respectfully submitted,

**RAMÓN WORTHINGTON
CANTU, LLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Sofia A. Ramón*
Sofia A. Ramón
State Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
State Bar No. 0078582
dworthington@ramonworthington.com
Stephen W. Bosky
State Bar No. 24087190
sbosky@ramonworthington.com
**Electronic Service to:**
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANTS
AMAZON.COM SERVICES LLC &
AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2026, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Clint E. McGuire
Jeff R. McGuire
**MCGUIRE INJURY LAW PLLC**
17227 Mercury Drive, Suite B
Houston, Texas 77058
Telephone: (281) 286-9100
Fax: (281) 286-9105
Email: clint@mcguireinjurylaw.com
jeff@mcguireinjurylaw.com
**ATTORNEYS FOR PLAINTIFF**

Daniel J. Gibson
Bailee Y. Pender
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373
Telephone: (281) 350-7250
Email: djgibson@up.com
bailee.pender@up.com
**ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**

*/s/ Sofia A. Ramón*
Sofia A. Ramón

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

RW Firm on behalf of Sofia Ramon
Bar No. 784811
efile@ramonworthington.com
Envelope ID: 113563279
Filing Code Description: Answer/Response
Filing Description:  Defendant Amazon's Original Answer- Carmon v Amazon.
Status as of 4/13/2026 11:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Heather Ybarra | | heather@mcguireinjurylaw.com | 4/13/2026 11:37:22 AM | SENT |
| Clint McGuire | | clint@mcguireinjurylaw.com | 4/13/2026 11:37:22 AM | SENT |
| Ashley Villarreal | | ashley@mcguireinjurylaw.com | 4/13/2026 11:37:22 AM | SENT |
| Daniel J.Gibson | | djgibson@up.com | 4/13/2026 11:37:22 AM | SENT |
| Sharee Wilson | | sharee.wilson@up.com | 4/13/2026 11:37:22 AM | SENT |
| Jeff McGuire | | jeff@mcguireinjurylaw.com | 4/13/2026 11:37:22 AM | SENT |
| Priscilla Perez | | priscilla@mcguireinjurylaw.com | 4/13/2026 11:37:22 AM | SENT |
| Bailee Pender | | bailee.pender@up.com | 4/13/2026 11:37:22 AM | SENT |
| Stephen W.Bosky | | sbosky@ramonworthington.com | 4/13/2026 11:37:22 AM | SENT |
| Maren Collins | | maren.collins@up.com | 4/13/2026 11:37:22 AM | ERROR |
| Dan K.Worthington | | dworthington@ramonworthington.com | 4/13/2026 11:37:22 AM | SENT |
| Sofia A.Ramon | | sramon@ramonworthington.com | 4/13/2026 11:37:22 AM | SENT |

# EXHIBIT 1-K

# Case Information

## RALPH CARMON vs. UNION PACIFIC RAILROAD COMPANY, et al.

25DCCV1830

 File Into

Case last refreshed: 4/16/26 1:03 PM

**Location**
Jefferson County - District Clerk ⇄

**Case Category**
Civil - Other Civil

**Case Type**
Other Injury or Damage

**Case Filed Date**
9/9/2025

**Judge**
Mitch Templeton ▾

**Case Status**
Active

## Parties [6]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | CARMON, RALPH ▾ | | MCGUIRE, CLINT E ▾ |
| Defendant | UNION PACIFIC RAILROAD COMPANY ▾ | | Gibson, Daniel ▾<br>Pender, Bailee ▾ |
| Defendant | AMAZON.COM SERVICES LLC ▾ | | Ramon, Sofia Amabel ▾ |
| Defendant | AMAZON.COM, INC ▾ | | Ramon, Sofia Amabel ▾ |
| Defendant | SHENZHEN KANGAROO GARMENTS CO., LTD. ▾ | | |
| Defendant | FOSHAN SUMAITONG TRADING CO., LTD. ▾ | | |

## Hearings [0]

No hearings found.

## Events [27] [Page 1]



**Sort**
Newest ▾

Search Events

**Event Type**
All ▾





# OA

Defendant Amazon's Original Answer- Carmon v Amazon.

File Date
4/13/2026



| Name | Description | Security Description | Pages | Price | | |
|---|---|---|---|---|---|---|
| Defendant Amazon's Original Answer- Carmon v Amazon..pdf | Defendant Amazon's Original Answer- Carmon v Amazon. | CDPUB | 7 | $1.00 | | 🛒 Add |

# RETS

Return of Service - Foshan Sumaitong Trading Co. LTD

File Date
4/9/2026



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Return of Service - Foshan Sumaitong Trading Co. LTD.pdf | Return of Service - Foshan Sumaitong Trading Co. LTD | CDPUB | 4 | Free | Available until 5/10/26 |

# RETS

Return of Service - Shenzen Kangaroo Garments Co. LTD

File Date
4/9/2026



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Return of Service - Shenzen Kangaroo Garments Co. LTD.pdf | Return of Service - Shenzen Kangaroo Garments Co. LTD | CDPUB | 4 | Free | Available until 5/10/26 |

# RETS

Return of Service - Amazon.com Inc.

File Date
4/9/2026



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Return of Service - Amazon.com Inc..pdf | Return of Service - Amazon.com Inc. | CDPUB | 4 | Free | Available until 5/10/26 |

# SUPP

Plaintiff's Second Supplemental Notice of Filing of Business Records

File Date
4/2/2026



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Plaintiff's Second Supplemental Notice of Filing of Business Records.pdf | Plaintiff's Second Supplemental Notice of Filing of Business Records | CDPUB | 9 | Free | Available until 5/8/26 |

# CCINT3RD

Union Pacific's Original Cross-Claim

File Date
4/1/2026



| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Union Pacific's Original Cross-Claim.pdf | Union Pacific's Original Cross-Claim | CDPUB | 9 | Free | Available until 5/8/26 |

# RETU

Amazon.com Services LLC

File Date
4/1/2026



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Amazon.com Services LLC.pdf | Amazon.com Services LLC | CDPUB | 2 | Free | Available until 5/8/26 |

## ADDC

File Date
3/31/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Notice of Change of Address.pdf | Notice of Change of Address | CDPUB | 3 | Free | Available until 5/8/26 |

## ACR

Union Pacific's Answer to Plaintiff's 1st Amended Petition

File Date
3/30/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Union Pacific's Answer to Plaintiff's 1st Amended Petition.pdf | Union Pacific's Answer to Plaintiff's 1st Amended Petition | CDPUB | 7 | Free | Available until 5/8/26 |

## AMPET

Plaintiff's First Amended Petition

File Date
3/9/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Plaintiff's First Amended Petition.pdf | Plaintiff's First Amended Petition | CDPUB | 19 | Free | Available until 5/8/26 |

## REQ

Request for Process

File Date
3/9/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Request for Process.pdf | Request for Process | CDPUB | 3 | Free | Available until 5/8/26 |

## CIT

File Date
3/9/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Citation-Amazon.com Services LLC.pdf | Citation-Amazon.com Services LLC | CDPUB | 2 | Free | Available until 5/8/26 |

## CIT

File Date
3/9/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Citation-Amazon.com, Inc.pdf | Citation-Amazon.com, Inc | CDPUB | 2 | Free | Available until 5/8/26 |

## CIT

File Date
3/9/2026

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|--|
| Citation-Shenzen Kangaroo Garments Co. LTD.pdf | Citation-Shenzen Kangaroo Garments Co. LTD | CDPUB | 2 | Free | Available until 5/8/26 |

## CIT

File Date

3/9/2026



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| Citation-Foshan Sumaitong Trading Co. LTD.pdf | Citation-Foshan Sumaitong Trading Co. LTD | CDPUB | 2 | Free | Available until 5/8/26 |

# Service

Date
3/9/2026

Service Type

[Citation](#)

# Service

Date
3/9/2026

Service Type

[Citation](#)

# Service

Date
3/9/2026

Service Type

[Citation](#)

# Service

Date
3/9/2026

Service Type

[Citation](#)

# NOF

Plaintiff's First Supplemental Notice of Filing of Business Records

File Date
12/30/2025



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| Plaintiff's First Supplemental Notice of Filing of Business Records.pdf | Plaintiff's First Supplemental Notice of Filing of Business Records | CDPUB | 5 | Free | Available until 5/8/26 |

1 to 20 of 27　　　　　　　　　　　　Previous　1　2　Next

© 2026 Tyler Technologies, Inc. | All Rights Reserved

Version: 2026.1.3.2086

 EMPOWERED BY TYLER TECHNOLOGIES

# EXHIBIT 1-L

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **RALPH CARMON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:26-cv-00144** |
| | § | |
| **UNION PACIFIC RAILROAD COMPANY,** | § | |
| **Defendant.** | § | |

**DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.'S
7.1 DISCLOSURE STATEMENT**

COME NOW Defendants Amazon.com Services LLC and Amazon.com, Inc. (collectively "Amazon") by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 7.1, state for their Disclosure of Corporate Interests:

Amazon.com, Inc. is a publicly held corporation. Amazon.com, Inc. does not have a parent corporation and no publicly held corporation owns 10 percent or more of Amazon.com, Inc.'s stock.

Amazon.com Services LLC is a wholly owned subsidiary of Amazon.com, Inc., a publicly traded company that has no parent corporation and no publicly held corporation owns 10 percent or more of its stock.

Respectfully submitted,

**RAMÓN WORTHINGTON
CANTU, LLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

*/s/ Sofia A. Ramón*
**SOFIA A. RAMÓN**
Fed. ID No. 20871/TSB No. 00784811
sramon@ramonworthington.com
efile@ramonworthington.com

*Amazon's 7.1 Disclosure Statement*                                                Page 1

|  | **ATTORNEY IN CHARGE FOR AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.** |
|---|---|

**OF COUNSEL:**

**DAN K. WORTHINGTON**
Fed. ID No. 15353/TSB No. 00785282
dworthington@ramonworthington.com
**RAMÓN WORTHINGTON CANTU, LLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax
**ATTORNEY IN CHARGE FOR AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

   In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of this instrument was served upon the following via certified mail, return receipt requested on April 21, 2026:

| | |
|---|---|
| Clint E. McGuire<br>Jeff R. McGuire<br>**MCGUIRE INJURY LAW PLLC**<br>17227 Mercury Drive, Suite B<br>Houston, Texas 77058<br>Telephone: (281) 286-9100<br>Fax: (281) 286-9105<br>Email: clint@mcguireinjurylaw.com<br>jeff@mcguireinjurylaw.com<br>**ATTORNEYS FOR PLAINTIFF** | Daniel J. Gibson<br>Bailee Y. Pender<br>Union Pacific Railroad Company<br>24125 Old Aldine Westfield Road<br>Spring, Texas 77373<br>Telephone: (281) 350-7250<br>Email: djgibson@up.com<br>bailee.pender@up.com<br>**ATTORNEY FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY** |

*/s/ Sofia A. Ramón*
Sofia A. Ramón